**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID PINKNEY, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-CV-02180 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| COOPER/PORTS AMERICAN LLC *et al*, | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO REMAND**

The Court finds that *pro se* Plaintiff David Pinkney has improperly joined Defendant Cooper/Ports American LLC. His motion seeking remand is denied. Dkt 4.

C/PA is dismissed without prejudice. Defendant American Longshore Mutual Association remains in this action.

1. Background

Pinkney asserts that he worked on a ship in the Port of Houston in the course and scope of his employment as a longshoreman for C/PA. Dkt 1-1 at 4. He alleges that he was injured during that work. Ibid. A worker's compensation policy provided by ALMA to C/PA was in effect at the time of the alleged incident. Ibid.

Pinkney filed for worker's compensation in August 2017 under the Longshore and Harbor Worker's Compensation Act. Dkt 1-2 at 13. The Administrative Law Judge denied Pinkney benefits because he did not attend a psychiatric evaluation or a functional-capacity evaluation and failed to comply with court orders despite being given numerous warnings. Id at 18–20.

Pinkney filed suit in state court against C/PA and ALMA. Dkt 1-1. He seeks damages of $200,000. Id at 3.

Pinkney and C/PA are citizens of Texas. ALMA is a citizen of Bermuda. ALMA removed the action based on diversity jurisdiction, arguing improper joiner of C/PA. Dkt 1. ALMA also asserted admiralty jurisdiction. Pinkney seeks remand.

2. Legal standard

A federal court has subject matter jurisdiction over a civil action where there is diversity jurisdiction. 28 USC § 1332(a). This requires at least $75,000 in controversy and complete diversity. Ibid. *Complete diversity* means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants. See *Harvey v Grey Wolf Drilling Co*, 542 F3d 1077, 1079 (5th Cir 2008).

The Fifth Circuit instructs that proper assessment of complete diversity disregards improperly joined parties. See *Cuevas v BAC Home Loans Servicing LP*, 648 F3d 242, 249 (5th Cir 2011). It is improper to join a party against whom the plaintiff cannot bring a claim. *Smallwood v Illinois Central Railroad Co*, 385 F3d 568, 573 (5th Cir 2004).

If the Court finds that a defendant has been improperly joined, it must dismiss that party without prejudice. *International Energy Ventures Management LLC v United Energy Group Ltd*, 818 F3d 193, 209 (5th Cir 2016).

3. Analysis

This Court unquestionably has diversity jurisdiction if C/PA is not viably part of this lawsuit. But complete diversity does not exist if C/PA is a proper party.

Under the LHWCA, an employee injured in the course and scope of his employment only has a worker's compensation claim against his employer. See 33 USC § 904. The LHWCA specifically provides that this compensation remedy is exclusive—the employer cannot be held liable for additional damages in tort. See 33 USC § 905(a); see also *Southwest Marine Inc v Gizoni*, 502 US 81, 86 (1991). The Fifth Circuit interprets this provision to mean that "[w]orker's compensation under the LHWCA is the exclusive remedy for an employee against his employer because the Act

bars all common law tort actions against the employer." *Jackson v Total E & P USA Inc*, 341 F App'x 85, 86 (5th Cir 2009).

The LHWCA does generally preserve an injured worker's remedies against third parties who may have caused the injury. *Chenevert v Travelers Indemnity Company*, 746 F3d 581, 585 (5th Cir 2014). But Pinkney is not here suing a third party. C/PA was his employer. This is not disputed.

Two other main exceptions to the exclusive-remedy rule exist. One is where an employer "fails to secure payment of compensation" required by the statute. *Bollinger Shipyards Inc v Director, Office of Worker's Compensation Programs*, 604 F3d 864, 878 (5th Cir 2010), quoting § 905(a). This refers to "how and in what manner an employer shall comply with the obligation to secure payment of compensation." *Thibodeaux v J. Ray McDermott & Co*, 276 F2d 42, 46 (5th Cir 1960). Pinkney does not allege that C/PA failed to secure payment of compensation. Indeed, he also sues ALMA, who provided a worker's compensation policy to C/PA.

Another is where the employer is also the vessel owner. For example, see *Short v Manson Gulf LLC*, 543 F Supp 2d 563, 567 (ED La 2008). But Pinkney does not allege that C/PA owned the ship on which he was injured.

The exclusive-remedies provision of the LHWCA bars Pinkney's claims against C/PA. With C/PA dismissed, the remaining defendants are diverse, and the parties agree that the amount in controversy exceeds $75,000.

Because diversity jurisdiction exists, the Court needn't also address the allegation of admiralty jurisdiction. C/PA does not rely on it in its response. And the petition does not include enough facts for the Court to determine whether admiralty jurisdiction is met.

4. Conclusion

C/PA is DISMISSED without prejudice.

The Court DENIES the motion to remand. Dkt 4.

ALMA remains a defendant in this action.

SO ORDERED.

Signed on March 6, 2020, at Houston, Texas.

*Charles R Eskridge III*

Hon. Charles Eskridge
United States District Judge