United States District Court
Southern District of Texas
**ENTERED**
December 03, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID PINKNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-2180 |
| | § | |
| AMERICAN LONGSHORE MUTUAL | § | |
| ASSOCIATION, LIMITED, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Defendant's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. No. 15.) Based on a thorough review of the pleadings, motion, and relevant law, the Court **RECOMMENDS** Defendant's Motion be **GRANTED** and Plaintiff be **DENIED** leave to amend his pleadings.

### I.    BACKGROUND

Plaintiff David Pinkney ("Plaintiff") filed this *pro se* lawsuit against Cooper/Ports American, LLC ("C/PA") and American Longshore Mutual Association, Limited ("ALMA") in the 333rd Judicial District of Harris County, Texas on May 8, 2019. (Dkt. No. 1-1.)[2] Plaintiff alleges that, on July 12, 2017, he fell in the hold of a ship while working as a longshoreman for C/PA in the Port of Houston, injuring his elbow, neck, and back. (*Id.* at 4, 6.) At the time of the incident, ALMA was C/PA's workers' compensation insurance carrier. (*Id.* at 4; *see also* Dkt. No.

---

[1] On October 8, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 17.)

[2] Plaintiff is a citizen of Texas. (Dkt. No. 14 at 2.) C/PA is also a citizen of Texas, and ALMA is a citizen of Bermuda. (*Id.*)

15 at 2.) Plaintiff filed a timely claim for benefits under the Longshore and Harbor Workers' Compensation Act ("LHWCA") with the Department of Labor, but his claims were denied. (Dkt. No. 1-1 at 3.) Plaintiff seeks $200,000 in damages related to his injuries. (*Id.*)

On June 17, 2019, C/PA and ALMA removed the suit to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Plaintiff filed a motion to remand on August 12, 2019. (Dkt. No. 4.) The District Judge denied the motion to remand, finding that Plaintiff had improperly joined C/PA as a defendant in the suit and dismissing the claims against it. (Dkt. No. 14 at 3.) The District Judge reasoned that the exclusive remedies provision of the LHWCA—which provides that employers cannot be held liable outside of the workers' compensation scheme for tort claims arising out of employees' injuries—barred Plaintiff's claims against C/PA. (*Id.* at 2-3.) Because complete diversity existed between Plaintiff and the only remaining defendant, ALMA, and the amount in controversy exceeded $75,000, the Court asserted diversity jurisdiction over the action. (*Id.* at 3.)

On June 22, 2020, ALMA filed its Motion for Judgment on the Pleadings. (Dkt. No. 15.) ALMA argues that, as C/PA's workers' compensation insurance carrier, it is also immune from common law tort actions due to the LHWCA. (*Id.* at 4-5.) ALMA also argues Plaintiff has not alleged any other decipherable causes of action. (*Id.*) Plaintiff responded to ALMA's motion by asserting that the Court should proceed with his lawsuit because "the Administrative Law Judge did not consider the seriousness of [his] accident, [his] pain and suffering, lost wages, back pay with penalties." (Dkt. No. 16 at 1.) Plaintiff also asserts that defense counsel violated his right to privacy by falsifying a subpoena to obtain his medical records. (*Id.*) The Court agrees with ALMA that Plaintiff's tort claims arising out of his injury are barred by the LHWCA and recommends

those claims be dismissed with prejudice. To the extent Plaintiff seeks leave to amend his pleadings to assert violation-of-privacy claims, his request should be denied.

## II.    STANDARDS FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (quotations and alterations omitted). A 12(c) motion for judgment on the pleadings is analyzed under the same standards as a 12(b)(6) motion for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). To survive either motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

"In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Robinson v. Webster Cty.*, No. 20-60301, 2020 WL 5160059, at *2 (5th Cir. Aug. 31, 2020) (quotations omitted). "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386,

---

[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

389 (5th Cir. 2018) (quotations and alterations omitted); *see Van Duzer v. U.S. Bank Nat'l Ass'n*, 995 F. Supp. 2d 673, 690 (S.D. Tex.) (construing *pro se* plaintiffs' complaint liberally on a 12(c) motion for judgment on the pleadings), *aff'd*, 582 F. App'x 279 (5th Cir. 2014).

### III.   PLAINTIFF'S TORT CLAIMS ARISING FROM HIS INJURY ARE BARRED BY THE LHWCA.

The LHWCA provides the workers' compensation scheme for certain maritime employees. *See* 33 U.S.C. § 901 *et seq.*; *MMR Constructors, Inc. v. Dir., Office of Workers' Comp. Programs*, 954 F.3d 259, 262 (5th Cir. 2020); *see also Becker v. Tidewater, Inc.*, 335 F.3d 376, 387 (5th Cir. 2003) ("[T]he LHWCA provides a no-fault workers' compensation scheme against a worker's employer for the death or disability of anyone engaged in maritime employment to receive medical costs, prejudgment interest, and two-thirds of the worker's salary for as long as the disability persists.") (citations omitted). The LHWCA is the exclusive remedy for such claims against employers. 33 U.S.C. § 905(a). In other words, subject to limited exceptions,[4] the LHWCA "bars all common law tort actions [by an employee] against the employer." *Jackson v. Total E & P USA Inc.*, 341 F. App'x 85, 86 (5th Cir. 2009); *see Burnett v. A. Bottacchi S.A. de Navegacion*, 882 F. Supp. 1050, 1053 (S.D. Fla. 1994) ("Courts interpreting . . . § 905(a) have found a congressional intent to abrogate all tort liability on the part of the employer to the employee . . . arising out of the employee's injury.").[5]

---

[4] These limited exceptions, such as if an employer fails to secure payment as required, are not applicable to this case. (Dkt. No. 14 at 3.)

[5] "The LHWCA's exclusivity provision provides that the liability imposed in § 904 is in place of the right to recover damages at law. 33 U.S.C. § 905(a). The plain language of this provision evidences an unmistakable intention to embody the *quid pro quo* that defines most workmen's compensation statute[s]." *Hulin v. Huntington Ingalls, Inc.*, No. 20-CV-924, 2020 WL 6059645, at *6 (E.D. La. Oct. 14, 2020) (quotations omitted). "Specifically, the employee gets the benefit of no-fault compensation, and the employer enjoys immunity from tort liability for damages. . . . Allowing state law tort claims would contradict the text of the statute and would frustrate the Act's purpose by undermining the *quid pro quo*." *Id.*

These restrictions are extended to an employer's insurance carrier; "claims against insurers, in addition to claims against employers, are implicitly preempted by the LHWCA's exclusivity provision." *Nadheer v. Ins. Co. of Pa.*, 506 F. App'x 297, 301 (5th Cir. 2013) (citing *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 811 (5th Cir. 1988) and *Johnson v. Am. Mut. Liab. Ins. Co.*, 559 F.2d 382, 388 (5th Cir. 1977)). This is because "[a] reading of the [LHWCA] shows that while the Congress did not specifically grant immunity to a compensation insurer from liability as a third person tort feasor, numerous provisions of the [LHWCA] and the spirit of the [LHWCA] as a whole, equating the insurer with the employer, negate any intent to hold the insurer liable to suit for damages as a third person." *Johnson*, 559 F.2d at 388; *see also Atkinson*, 838 F.2d at 811 ("It obviously makes no sense for the employer's agent not to have the immunity which the employer would if carrying out the same actions directly."). Because ALMA was C/PA's workers' compensation insurance carrier, Plaintiff is barred from bringing tort claims arising from the accident against it, and those claims should be dismissed with prejudice. *See, e.g.*, *Savoie v. Ingalls*, No. 15-CV-1220, 2019 WL 1369465, at *2 (E.D. La. Mar. 26, 2019) (dismissing with prejudice claims against insurer that were precluded by the LHWCA).[6]

---

[6] To the extent Plaintiff attempts to directly appeal the denial of benefits, such an appeal would fail for two reasons. First, Plaintiff did not appeal the Administrative Law Judge's ("ALJ") decision to the Department of Labor's Benefit Review Board ("BRB"), as he appears to believe. (*See* Dkt. No. 1-1 at 3 (Petition stating "the Division of Appeals Panel rendered its final decision on the claim").) Instead, the ALJ canceled Plaintiff's hearing for failure to comply with discovery and then denied Plaintiff's motion for reconsideration. (Dkt. No. 1-1 at 15 (hearing cancelation); Dkt. No. 1-2 at 22 (reconsideration denial).) Plaintiff thus failed to exhaust his administrative remedies. *See Friede-Goldman Halter Inc. v. Escareno*, 326 F. App'x 276, 278 (5th Cir. 2009); *see also Brandywine Explosives & Supply v. Dir., Office of Workers' Comp. Programs*, 790 F.3d 657, 663 (6th Cir. 2015). Second, even if Plaintiff had appealed to the BRB as required, only federal courts of appeals have jurisdiction to review BRB decisions. 33 U.S.C. § 921(c); *Harbert/Jones v. Hawkins*, No. 96-CV-3128, 1997 WL 216268, at *2 (E.D. La. Apr. 25, 1997) ("The 1972 amendments to the LHWCA modified the provisions governing judicial review of compensation orders, making BRB decisions reviewable in the United States court of appeals, not

## IV.    PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND HIS PLEADINGS.

Plaintiff's petition does not allege any other decipherable causes of action. However, in response to ALMA's motion for judgment on the pleadings, Plaintiff appears to assert that defense counsel violated his right to privacy under the Fourteenth Amendment by falsifying a subpoena to obtain his medical records. (Dkt. No. 16 at 1.) Plaintiff attached a letter from defense counsel to Memorial Hermann requesting Plaintiff's medical records and the subpoena signed by the ALJ compelling production of those documents. (*See id.* at 2-6.) The Court construes this as a request to amend his petition to assert violation-of-privacy claims. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992); *Landis v. Martin*, No. 19-CV-177, 2020 WL 5270021, at *3 (S.D. Miss. Sept. 4, 2020) ("When a *pro se* plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under Rule 15(a).") (quotations and alterations omitted); *Davis v. Hinds Cty.*, No. 16-CV-674, 2017 WL 2269010, at *11 (S.D. Miss. May 23, 2017) (applying this approach when plaintiff asserted new claims in response to defendants' motion for judgment on the pleadings).

Federal Rule of Civil Procedure 15(a) governs requests to amend the pleadings and directs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). "Accordingly, district courts in the Fifth Circuit must entertain a presumption in favor of granting parties leave to amend." *In re BP P.L.C. Sec. Litig.*, No. 10-CV-4214, 2017 WL 914995, at *2 (S.D. Tex. Mar. 8, 2017) (quotations omitted); *see Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (noting that *pro se* plaintiffs should generally be given opportunity to amend their pleadings). However, leave to amend is not automatic, and courts have discretion to deny leave in the face of undue

---

the district court."). Therefore, to the extent Plaintiff is attempting to directly appeal the administrative decision, that claim should be dismissed.

delay, prejudice, and futility of amendment, among others. *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005); *Gutierrez v. Logan*, No. 02-CV-1812, 2005 WL 2121554, at *13 (S.D. Tex. Aug. 31, 2005). Moreover, when amendment would require modification of the scheduling order, the requesting party must first demonstrate good cause under Rule 16(b). *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).[7]

The deadline to amend the pleadings in this case was November 22, 2019, over a year ago, and Plaintiff has not explained why he should be able to bring new claims. (Dkt. Nos. 12 & 13.) Even assuming good cause exists, Plaintiff's assertion that defense counsel falsified a subpoena to obtain his medical records is conclusory, unfounded, and not cognizable under the Fourteenth Amendment. *See Woodall v. AES Corp.*, No. 02-CV-575, 2002 WL 1461718, at *2 (S.D. Ind. July 5, 2002) ("The Fourteenth Amendment prohibits deprivations by public entities—by *government*—not by private individuals."). Therefore, to the extent Plaintiff has requested leave to amend, the request should be denied. *See, e.g.*, *Taylor v. Lasalle Mgmt. Co.*, No. 17-CV-882, 2020 WL 1228803, at *8 (W.D. La. Feb. 4, 2020) (denying *pro se* plaintiff leave to amend, in part because it would require modification of the scheduling order and would prejudice defendants), *report and recommendation adopted*, 2020 WL 1233750 (Mar. 12, 2020); *Landis*, 2020 WL 5270021, at *3 (denying *pro se* plaintiff leave to amend because amendment would be futile); *Wortham v. Chris Hansen Lab Inc.*, No. 14-CV-1696, 2014 WL 2694194, at *2 (N.D. Tex. June 12, 2014) (denying *pro se* plaintiff leave to amend because claims were frivolous and thus amendment would be futile and cause needless delay).

---

[7] In evaluating good cause, courts should consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C.*, 315 F.3d at 536 (quotations and alterations omitted).

## V.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) be **GRANTED** and Plaintiff be **DENIED** leave to amend his pleadings.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on December 2, 2020.

Sam S. Sheldon
United States Magistrate Judge